UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B.W., <br><br>          Plaintiff, <br><br>      v. <br><br> AIRBNB, INC., <br><br>          Defendant. | Case No. 24-cv-01770-AMO <br><br> **ORDER RE MOTION FOR SUMMARY JUDGMENT, DAUBERT MOTIONS, AND MOTION TO EXCLUDE** <br><br> Re: Dkt. Nos. 70, 78, 79, 80, 87 |

Airbnb moves for summary judgment in this negligence action arising from alleged carbon monoxide poisoning B.W. suffered while staying at an Airbnb rental as an infant. Dkt. No. 70 ("Mot."); Dkt. No. 77 ("Reply"). "B.W. does not know the exact source of the CO—the boiler or the water heater—because neither the property owner nor Airbnb ensured that the equipment was preserved for inspection." Dkt. No. 75 ("Opp.") at 16, *see also id.* at 5, 14, 25. B.W. nonetheless argues that there is a genuine dispute for trial on the issue of causation, *id.* at 25, which is a necessary element of his sole claim for negligence, *see Brown v. USA Taekwondo*, 11 Cal. 5th 204, 213 (2021).

Specifically, B.W. contends that the record sufficiently establishes causation because he "has presented evidence that: (1) he was poisoned by CO; and (2) the poisoning occurred at the Airbnb Property." Opp. at 25. B.W. elaborates on the second point as follows:

> [A] reasonable jury could find that the Airbnb Property was the source of the CO poisoning. Given Airbnb and the property owner's failure to preserve evidence, B.W. cannot prove the exact source of the CO exposure—but sufficient evidence shows the exposure came from the Airbnb Property. At the time of the Wrotny family's stay in March 2021, the Airbnb Property was equipped with a gas stove, gas boiler, and gas water heater. (See Pl. SMF # 50). The water heater that was present in March 2021 was removed from the Airbnb Property and never inspected. (See Pl. SMF # 56). The

logical inference from an appliance being replaced is that it was broken. Ms. Goodgame's messages to Ms. Wrotny implied that the property owner knew about problems with the heater that would need to be repaired. (See Pl. SMF # 29). Although Ms. Goodgame now claims to have had the boiler inspected and no problems found, Ms. Goodgame also claimed to have CO alarms in the home that were not even manufactured until years after the incident. (See Pl. SMF # 48, 55, 57). And as discussed above, all four members of the Wrotny family became sick while staying at the Airbnb Property. (See Pl. SMF # 19; Pl. SMF # 37). In addition, B.W.'s acute symptoms appeared to improve overnight at the hospital, once he was removed from the Airbnb Property. (See Pl. SMF # 26).

Whether B.W. was poisoned at the Airbnb Property is a question of fact for the jury.

Opp. at 25.

These contentions do not raise a genuine dispute for trial. Where, as here, the party moving for summary judgment has shown, "after suitable discovery," that the "nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial," *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1106 (9th Cir. 2000), the nonmoving party must respond with specific facts, supported by admissible evidence, showing a genuine issue. Fed. R. Civ. P. 56(c), (e).

As regards B.W.'s assertions of discovery misconduct, B.W. did not previously raise the preservation issue or move for sanctions based on any alleged failure to preserve evidence. Nor does he seek any affirmative relief now. *See Arguedas v. Carson*, No. 20-CV-2044-AGS-BGS, 2024 WL 253644, at *2 (S.D. Cal. Jan. 22, 2024) ("If discoverable evidence was improperly withheld, plaintiffs should have moved to compel its production. Discovery is now closed, and the time for wrangling over disclosure violations is long past."). Moreover, B.W.'s discovery-misconduct accusations do not conjure the evidence necessary to withstand a motion for summary judgment. *See id.*

Similarly, Goodgame's messages to B.W.'s mother about the heater needing to be replaced, and whether Goodgame was lying about whether carbon monoxide alarms were installed at the Property at the time of the Wrotnys' stay, are also insufficient to defeat Airbnb's motion. When considered in the light most favorable to B.W., these facts do not present a genuine dispute as to whether any gas-fired appliance in the Property was leaking carbon monoxide. B.W. may believe, based on the facts above, that a such a source was likely present at the Property, or that, as

counsel argued during the hearing, "there's no other explanation for how this happened." However, "speculation does not establish causation." *Peralta v. Vons Cos., Inc.*, 24 Cal. App. 5th 1030, 1036 (2018) ("The mere *possibility* that there was a slippery substance on the floor does not establish causation.") (emphasis in original); *Ortega v. Kmart Corp.*, 26 Cal. 4th 1200, 1205-06 (2001) ("[W]hen the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant.").

That "all four members of the Wrotny family became sick while staying at the Airbnb Property" and "B.W.'s acute symptoms appeared to improve overnight at the hospital, once he was removed from the Airbnb Property[,]" *see* Opp. at 25, even when viewed in conjunction with the testimony of B.W.'s proffered expert, Dr. Nadia Webb, also fail to create a triable issue as to causation.[1] Any temporal proximity between B.W.'s symptoms and his stay at the Property is not enough. *See Haines v. Home Depot U.S.A., Inc.*, No. 1:10-CV-01763-SKO, 2012 WL 1143648, at *17 (E.D. Cal. Apr. 4, 2012) (granting summary judgment for lack of sufficient evidence of causation because "[p]laintiff c[ould not] rely on her own testimony about her laser exposure and a temporal connection to the development of eye symptoms to assert an inference of causation from the totality of the circumstances[,]" which, under California law, "must be proven within a reasonable medical probability based upon competent expert testimony" in a personal injury action) (citations omitted).

Ultimately, "the mere fact that a person is injured, without more, constitutes no basis for

---

[1] Dr. Webb, a neuropsychologist, whose opinions Airbnb moves to exclude under *Daubert*, opines that "based on the totality of the data, ▮ showed damage and impairments indicating a brain injury secondary to carbon monoxide poisoning." Dkt. No. 75-12 ("Webb Report") at 12; Logan Decl. ¶ 3, Ex. K (redaction in original). She testified that "CO is typically environmental[,]" and the Wrotnys' "elevated carboxyhemoglobin[,]" "diagnoses of CO poisoning[,]" and "symptoms of CO poisoning," "suggest[] that the family was collectively exposed to significant levels of CO." Dkt. No. 76-12 ("Webb Dep.") 58:9-59:5, 60:24-61:4. She also saw "no other explanation that would contradict the[] multiple physicians reports, the [carboxyhemoglobin] levels, et cetera." *Id.* at 61:7-9. She further testified that "the nature of CO is that people clear it at different rates," and "in a baby, you typically clear CO very quickly," and they "produce lower [carboxyhemoglobin] levels." *Id.* at 50:9-10, 57:18-19, 72:3-6. She explained, given the amount of time B.W. was at the emergency room, "you would not expect to find carboxyhemoglobin levels in an infant typically." *Id.* at 70:20-22, 122:4-123:25.

United States District Court
Northern District of California

holding another person liable for that injury.  Rather, a plaintiff must link a defendant to her injuries . . . ."  *Sanderson v. Int'l Flavors & Fragrances, Inc.*, 950 F. Supp. 981, 1002 (C.D. Cal. 1996) (granting summary judgment on the issue of causation "because plaintiff ha[d] not presented evidence establishing a genuine issue of fact as to her ability to prove that any of defendants' products injured her").  B.W. has not done so.  Summary judgment in favor of Airbnb is therefore appropriate.  *See Barrera v. Costco Wholesale Corp.*, No. CV 19-8146-DMG (JCX), 2021 WL 6103073, at *3 (C.D. Cal. Oct. 22, 2021), *aff'd*, No. 21-56251, 2022 WL 3445092 (9th Cir. Aug. 17, 2022) (granting summary judgment where the plaintiff failed to present sufficient evidence that a leak in the dairy section caused her fall, which occurred outside the dairy section).

Airbnb's motion for summary judgment, Dkt. No. 70, is therefore **GRANTED**.  Airbnb's remaining motions, Dkt. Nos. 78, 79, 80, 87, are **DENIED AS MOOT**.  The parties' evidentiary objections, *see* Opp. at 16, Reply at 11, and B.W.'s request for judicial notice of a webpage from Airbnb's website, *see* Opp. at 7 n.1, are **OVERRULED AS MOOT**.

**IT IS SO ORDERED.**

Dated: February 17, 2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**